IN THE MATTER OF THE APPLICATION FOR A

WRIT OF HABEAS CORPUS OF:

OSCAR T. CHISCHILLY, SR.

Decided on February 29, 1972

Micheal L. Begay, Office of the Prosecutor, Window Rock, Arizona, for the Navajo Nation

David L. Barney, D.N.A., Chinle, Arizona, for Petitioner Chischilly, Sr.

Before KIRK, Chief Justice, BECENTI AND LEUPP, Associate Justices

KIRK, Chief Justice

This case comes before the Court on an original petition for a writ of habeas corpus filed here asserting that the petitioner is wrongfully restrained of his liberty by an alleged illegal judgment of the Trial Court of the Chinle District given on the 31st day January, 1972, sentencing him to sixty (60) days in jail.

The illegality of the sentence is asserted to be sentencing the petitioner to a jail term when the applicable statutes (14 N.T.C. §§ 245 and 246) permit only a "sentence to labor."

We reject this petition for the following reasons:

1. A proceeding in habeas corpus is an unusual remedy available only in the absence of any other adequate remedy. The petitioner had other adequate remedies available to him. He could have applied to the Trial Court for a correction of the sentence. See Rule 20 of the Rules of Criminal Procedure. Also, he could have appealed to this Court. Although we will not entertain an appeal with a new trial here after a plea of guilty, this Court will allow an appeal on a question of law of this kind.

2. The history of punishment of criminal offenses on the Navajo Reservation has always linked a punishment of "labor" or "hard labor" with imprisonment. Under the Courts of Indian Offenses here prior to 1960, the Code of Federal Regulations provided that the defendant should be sentenced to work for the benefit of the Tribe and that during the period of the sentence the defendant might be confined in the agency jail if so directed by the court: CFR § 161.23. Jail confinement coupled with the labor has been the customary usage of the Navajo Reservation for many years. Section 246, Title 14, Navajo Tribal Code, was adopted in 1953 when the Court of Indian Offenses were still in operation under the Code of Federal Regulations, and that section referred to punishment under CFR § 161.23. This interpretation is strengthened by the interchangeable use of "hard labor" and "imprisonment" in Section 203, Title 14, Navajo Tribal Code, which was enacted by the Navajo Tribal Council in 1953 at the same time as Title 14 N.T.C. § 246.

It is accordingly ORDERED that the petition be dismissed.

BECENTI, Associate Justice, and LEUPP, Associate Justice, concur.